## Commonwealth *v.* Dubow, Appellant.

*Appeals—Appeals from Superior Court—Divided court—Discretion—Reargument—Assignments of error—Rule 34 of Supreme Court.*

1. An appeal from the Superior Court affirming a judgment in a criminal case will be dismissed where the only assignment of error complains of an order as follows: "The judges who heard the argument of this appeal being equally divided in opinion, the assignments of error must be dismissed; the judgment is affirmed and the record remitted to the court below," etc.

2. Such an assignment of error not only violates Rule 34,—requiring each assignment to quote verbatim each error assigned in the Superior Court which is desired to be reviewed, and which is reviewable under the order of the Supreme Court allowing the appeal,—but it brings up for review only the question of the propriety of the Superior Court's affirmance of the judgment against defendant when members of that tribunal were equally divided in opinion.

3. Under such circumstances it is a matter within the discretion of the Superior Court either to accept the situation and allow the judgment to stand, or to order a reargument.

Argued January 31, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 169, Jan. T., 1927, by defendant, from judgment of Superior Court, Oct. T., 1926, No. 148, affirming judgment of Quarter Sessions of Delaware Co., Sept. T., 1925, No. 154, in case of Commonwealth v. Abe Dubow. Affirmed.

Appeal from Superior Court.

*Error assigned* was, judgment of Superior Court, quoting it.

*John E. McDonough,* for appellant.

*William Taylor,* District Attorney, for appellee.

PER CURIAM, March 14, 1927:

Defendant was convicted and sentenced in the court below, under our state act, for manufacturing intoxicating liquor for beverage purposes. He appealed to the Superior Court; that tribunal disposed of his appeal thus: "Per Curiam: The judges who heard the argument of this appeal being equally divided in opinion, the assignments of error must be dismissed. The judgment is affirmed and the record remitted to the court below; and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas."

On the present appeal, to this court, the sole assignment of error is to the above-quoted judgment of the Superior Court, whereas our Rule 34 states specifically: "When an appeal is taken from a judgment of the Superior Court, each assignment must quote verbatim each error assigned in that court, the decision of which appellant desires reviewed and which is reviewable under the order of this court allowing the appeal. After printing the assignment as it was presented to the Superior Court, appellant must quote that court's judgment thereon verbatim, as contained in its final order, but shall not quote from the body of the opinion accompanying such order."

The assignment before us not only violates our rule, but it brings up for review only the question of the propriety of the Superior Court's affirmance of the judgment against defendant when the members of the tribunal who heard the argument were equally divided in opinion. Under the circumstances last stated, it was a matter within the discretion of the Superior Court whether to accept the situation and allow the judgment to stand or to order a reargument.

The point just disposed of is the only one before us; the other questions argued by counsel in their briefs are not properly here for decision, and the majority of this court think that, under all the circumstances of the present case, the ends of justice will be best served by dismissing defendant's appeal for the reason already stated.

The appeal is dismissed.